# United States Court of Appeals
## For the First Circuit

No. 98-1654

STANLEY A. RODOWICZ, ET AL.,
Plaintiffs, Appellants,

v.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, ET AL.,
Defendants, Appellees.

No. 98-1690

STANLEY A. RODOWICZ, ET AL.,
Plaintiffs, Appellees,

v.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, ET AL.,
Defendants, Appellants.

Before

Campbell, Senior Circuit Judge,
and Boudin, Circuit Judge.[*]

MEMORANDUM AND ORDER

Entered: November 3, 1999

Defendant-appellees Massachusetts Mutual Life Insurance Company and Massachusetts Mutual Voluntary Termination Program's (collectively, "MassMutual") petition for panel rehearing is denied.

There is no merit in their argument that our decision rests upon a mistaken finding of fact as to the timing of MassMutual's consideration of a reduction in force. We stated on page 6 that "Susan Alfano, Senior Vice-President in Charge of Human Resources,

---

[*]Judge Aldrich, who sat on the panel that heard the appeal and participated in the initial opinion, did not participate in this Memorandum and Order, having ceased to sit as a judge in matters pending before this court. See 28 U.S.C. § 46(d).

gathered data [concerning the costs and savings from a workforce reduction] from the Company's outside employee benefits consultants. Between March and September, 1992, Alfano thoroughly analyzed the costs and benefits of a reduction in force." That statement merely paraphrases, accurately, the district court's own published and supported assertion that Alfano's "analysis [of costs and benefits] occurred in the months between March and September 1992." See Rodowicz v. Massachusetts Mut. Life Ins. Co., 3 F. Supp.2d at 1485, 1481 (D. Mass. 1998). For reasons set forth in our opinion, we are also satisfied that factual issues, precluding summary judgment, exist on the present record as to whether three of the plaintiffs could rely on certain statements alleged to have been made by MassMutual personnel. We have been careful to point out that nothing in our current disposition is intended as a final word on these matters.

MassMutual makes a more convincing point regarding the standard by which this court reviews the district court's determination that the termination program was not an ERISA "plan." After giving this matter further thought, the panel believes that the standard of review in the circumstances is de novo rather than clear error. Accordingly, we have modified our opinion in the manner set out in the attached errata sheet.

While we are persuaded that the standard of review in the present circumstances is de novo, the alteration in review standard does not alter the outcome of the case. Reviewing the record in what is undoubtedly a fairly close case, we are satisfied that the voluntary termination program was not a "plan" within the meaning of ERISA.

Subject to the changes set forth in the attached errata sheet, the petition for panel rehearing is DENIED.

By the Court:

PHOEBE MORSE,

Clerk.

att.

# United States Court of Appeals
## For the First Circuit

---

No. 98-1654

STANLEY A. RODOWICZ, ET AL.,
Plaintiffs, Appellants,

v.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, ET AL.,
Defendants, Appellees.

No. 98-1690

STANLEY A. RODOWICZ, ET AL.,
Plaintiffs, Appellees,

v.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, ET AL.,
Defendants, Appellants.

---

ERRATA SHEET

The opinion of this Court issued on September 15,1999 is amended as follows:

Page 13, lines 1-7: delete "Our standard of review" to end of paragraph, and replace with: "After briefing on the subject, the district court ruled sua sponte that the VTP was not an ERISA plan, considering a record that included the plan document, the affidavit of Susan Alfano, and other relevant documents.  The court thus treated the issue essentially as one for summary disposition, and we review its ruling as we would a judgment arising under Fed. R. Civ. P. 56.  <u>Cf.</u> Fed. R. Civ. P. 12(b) (where parties present and court accepts matters outside pleadings, motion treated as one for summary judgment).  The usual review standard in such circumstances is de novo.  <u>See</u> <u>Reich</u> v. <u>John Alden Life Ins. Co.</u>, 126 F.3d 1, 6 (1st Cir. 1997) (on summary judgment, in special circumstances analogous to a case stated, the ultimate application of law to facts in a Fair Labor Standards case was held subject to plenary review, although findings of certain subsidiary factual inferences were subject to review for clear error); compare <u>Belanger</u> v. <u>Wyman-Gordon Co.</u>, 71 F.3d 451, 453 (1st Cir. 1995) (clearly erroneous review applied to district court's determination of ERISA plan status following a bench trial "as long as the trial court

accurately applies the relevant legal standards").”  In the present summary judgment situation, we are satisfied that we should review de novo whether or not the challenged retirement plan was so simple as to fall outside of ERISA.”

Page 15, lines 20-21: after “the district court concluded” insert “, and we agree,”

Page 16, line 12: after “required.” insert footnote:
“Indeed, requiring a “for-cause” determination would not, by itself, necessarily transform a severance program into an ERISA plan.  See Delaye v. Agripac, 39 F.3d 235, 237 (9th Cir. 1994); Rodowicz, 915 F.2d at 490 n.1 (district court reviewed severance plan at issue in Belanger, noting that plan contained “for-cause” exclusion).”

Page 16, line 21: replace “are unable to say that” with “agree with” and replace “evaluation” with “determination”

Page 16, line 23: insert period after “plan,” and delete “was clearly erroneous.”

Page 17, line 4: insert after Simas.: “See Simas, 6 F.3d at 853. See also Velarde v. PACE Membership Warehouse, Inc., 105 F.3d 1313, 1316 (9th Cir. 1997) (“minimal quantum of discretion” involved in for-cause determination was not sufficient to turn a severance agreement into an ERISA plan); James v. Fleet/Norstar Fin'l Group, Inc., 992 F.2d 463, 468 (2d Cir. 1993) (requiring individual determinations regarding eligibility, termination dates and payment amount did not create an ERISA plan).  Nor did the VTP cross-reference other state law requirements, as did the statute in Simas.  See Simas, 6 F.3d at 853.”  Insert paragraph break.

Page 17, line 6: replace “See Simas, 6 F.3d at 853.” with “Id.”

Page 17, lines 9-10: replace “Simas, 6 F.3d” with “Id.”

Page 17, line 10: delete “district court's”

Page 17, line 12: replace “was a supportable” with “seems to us a reasonable”  Replace “id.” with “Fort Halifax, 482 U.S.”

Page 17, lines 14-17: delete sentence beginning with “The court identified . . .”